UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MICHAEL WILLIAM FLAHERTY,           )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No. 11-124 (RBW)
                                    )
PRESIDENT OF THE UNITED STATES,     )
et al.,                             )
                                    )
            Defendants.             )
_____)

# MEMORANDUM OPINION

Michael William Flaherty, the pro se plaintiff in this civil case, seeks declaratory and injunctive relief to enforce his right to prompt disclosure of government agency records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (a)(3)(A)(ii) (2006). Complaint ("Compl.") at 2. Currently before the Court is the Internal Revenue Service's ("IRS") motion to substitute itself as the named defendant, to dismiss all other defendants from this case, and to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) based on the plaintiff's failure to exhaust his administrative remedies.[1] For the reasons that follow, the Court concludes that it must grant the IRS's motion to substitute the IRS as the named defendant and to dismiss all other defendants from this case, and grant the IRS's (hereinafter the "defendant") motion to dismiss.[2]

---

[1] As the Court is considering the defendant's motion to dismiss, the outcome of which will impact the resolution of the plaintiff's discovery motions, these motions only need to be considered by the Court if the plaintiff's dismissal motion is denied.

[2] In addition to the plaintiff's complaint and the IRS' Motion to Substitute Named Defendants and to Dismiss (the "Def.'s Mot."), the Court considered the following documents in rendering its decision: (1) the Memorandum of Points & Authorities in Support of The Internal Revenue Service's Motion to Substitute Named Defendants and to Dismiss (the "Def.'s Mem."); (2) the defendant's Declaration of Elizabeth S. McBrearty (the "McBrearty Decl."); (3)

## I. BACKGROUND

Over the course of five years, the plaintiff submitted what he maintains were four separate FOIA requests to the IRS concerning "government assessments" of tax records. Compl. ¶ 13. The plaintiff made these purported FOIA requests in order to access information allegedly material to his defense in a separate claim filed against him by the United States.[3] Id. ¶¶ 25-30, 35-36.

The first request made by the plaintiff to the IRS is dated May 30, 2005, and was addressed to the IRS Fresno Campus Disclosure Office. McBrearty Decl. ¶ 5; Gov't Ex. 1 (May 30, 2005). The plaintiff requested from the defendant a copy of "Treasury/IRS 24.030 CADE Individual Master File (IMF), (Formerly: Individual Master File (IMF)[)] [and] Treasury/IRS 34.037 IRS Audit Trail and Security Records System from 1999 to present." McBrearty Decl. ¶ 5; Gov't Ex. 1 (May 30, 2005). In a letter dated June 9, 2005, the Fresno Disclosure Office sent the plaintiff twenty pages of IMF MCC Specific and Literal Transcripts that it deemed responsive to his request.[4] McBrearty Decl. ¶ 6; Gov't Ex. 2 (June 9, 2005). The letter advised the plaintiff that there would be "considerable fees" associated with a search of his audit trail, and therefore, before beginning the search, the IRS would need a guarantee that these fees would

---

Government Exhibits 1-8 (Gov't Ex.); (4) the Plaintiff's Reply to the IRS' Motion to Substitute Named Defendants and to Dismiss ("Pl.'s Reply"); (5) the Plaintiff's Memorandum in Support of his Reply to the IRS' Motion to Substitute Named Defendants and to Dismiss ("Pl.'s Mem."); and the IRS's Reply Memorandum ("Def.'s Reply").

[3] See United States v. Flaherty, No. 1:08-cv-00493 (SOM/KSC), 2010 WL 4273001 (D. Haw. Oct. 22, 2010). The United States filed an action against the plaintiff in the United States District Court for the District of Hawaii, seeking to reduce federal income tax assessments to judgment and to foreclose federal tax liens on real property. Id. at *1. In that case, the court granted summary judgment to the United States on October 22, 2010, id. at *6, which the plaintiff has appealed to the United States Court of Appeals for the Ninth Circuit and resolution of the appeal is currently pending. See United States v. Flaherty, No. 11-15217 (9th Cir.). Additionally, on March 15, 2011, the plaintiff filed a complaint in the District of Hawaii wherein the same requests at issue in this case has been made. See Flaherty v. President of the United States, No. 1:11-cv-00173 (D. Haw.). The defendant's motion to dismiss in that case remains pending and a hearing has been scheduled for September 19, 2011. See June 2, 2011 Minute Order, United States v. Flaherty, No. 11-cv-00173, (ACK) (D. Haw).

[4] The full name of "IMF MCC Specific and Literal Transcripts" is not provided in any documents filed by the plaintiff.

be paid and that any cost over $250.00 would be prepaid. McBrearty Decl. ¶ 6; Gov't Ex. 2 (June 9, 2005). According to the defendant, "nothing in the IRS disclosure file" indicated that the plaintiff responded to the Fresno Campus Disclosure Office's request for a "firm commitment" to pay for audit trail fees. McBrearty Decl. ¶ 7.

The plaintiff's second request to the IRS is dated November 24, 2008, and was addressed to the Fresno Campus Disclosure Office. McBrearty Decl. ¶ 8; Gov't Ex. 3 (November 24, 2008). The plaintiff requested "copies of the actual Audit, Summary Record and Lien against [him] or any document with a IRS assessment officer agent's signature." McBrearty Decl. ¶ 8; Gov't Ex. 3 (November 24, 2008). In a letter dated December 5, 2008, the Fresno Disclosure Office asked the plaintiff to provide additional information in order to establish his identity, such as a copy of a driver's license, and his social security number. McBrearty Decl. ¶ 9; Gov't Ex. 4 (December 5, 2008). According to the defendant, "nothing in the IRS disclosure file indicates that [the plaintiff] responded to the Fresno Disclosure Office's request for plaintiff to establish his identity and to provide his social security number." McBrearty Decl. ¶ 10.

The third request from the plaintiff to the IRS is dated December 15, 2008, and was addressed to the Laguna Nigel Disclosure Office. McBrearty Decl. ¶ 11; Gov't Ex. 5 (December 15, 2008). The plaintiff requested "a copy of any document in [his] individual Master File with an assessment officer's signature and date on it for the years 1999, 2000, and 2001." McBrearty Decl. ¶ 11; Gov't Ex. 5 (December 15, 2008). In a letter dated January 26, 2009, the Laguna Nigel Disclosure Office sent the plaintiff twelve pages of account transcripts, but informed him that the IRS was "unable to find any documents specifically responsive to [his] request." McBrearty Decl. ¶ 12; Gov't Ex. 6 (January 26, 2009). Enclosed in the letter was a notification of the plaintiff's appeal rights. Gov't Ex. 6 (January 26, 2009). Also on January 26, 2009, the

plaintiff called a Disclosure Specialist to discuss this request. McBrearty Decl. ¶ 13; Gov't Ex. 7 (January 28, 2009). The Disclosure Specialist explained to the plaintiff what documents would be sent to him in response to his request and "directed [the plaintiff] to call the Taxpayer Advocate if he had any further concerns." McBrearty Decl. ¶ 13; <u>see</u> Gov't Ex. 7 (January 28, 2009). The defendant maintains that the plaintiff did not file an administrative appeal regarding this request. <u>See</u> McBrearty Decl. ¶ 17.

The plaintiff's fourth request to the IRS is dated January 28, 2009, and was also addressed to the Laguna Nigel Disclosure Office. McBrearty Decl. ¶ 14; Gov't Ex. 7 (January 28, 2009). The plaintiff requested "any document in [his] Individual Master File with an Assessment Officer's signature and date on it for the years 1999, 2000, and 2001," as well as a document entitled Preparation of Seizure Disposition 6670 Report. McBrearty Decl. ¶ 14; Gov't Ex. 7 (January 28, 2009). The plaintiff requested expedited treatment for this request. McBrearty Decl. ¶ 14; Gov't Ex. 7 (January 28, 2009). In a letter dated February 5, 2009, the Laguna Nigel Disclosure Office denied his request for expedited processing and included a notice of the plaintiff's administrative appeal rights. McBrearty Decl. ¶ 15; Gov't Ex. 8 (February 5, 2009). In a separate letter dated February 11, 2009, the Laguna Nigel Disclosure Office sent the plaintiff fifteen pages of Revenue Accounting Control System ("RACS") reports and account transcripts for the tax years 1999, 2000, and 2001, but informed him that there were no documents responsive to his request for Form 6670. McBrearty Decl. ¶ 16; Gov't Ex. 9 (February 11, 2009). According to the IRS, the plaintiff did not file an administrative appeal regarding this request. <u>See</u> McBrearty Decl. ¶ 17.

The plaintiff filed this case on January 19, 2011. <u>See</u> Compl. He alleges that "despite these repeated requests . . . no procedurally correct, signed assessment was ever produced . . . ."

Id. ¶ 14. The plaintiff asserts that his administrative remedies were exhausted within the meaning of 5 U.S.C. § 552 when the IRS Disclosure Office failed to reply to his third request in a timely manner. Id. ¶ 16. In response, the IRS asserts that it should be substituted as the sole named defendant in this case, and that all other defendants should be dismissed because the case concerns only the requests made by the plaintiff to the IRS and because the FOIA only authorizes claims against agencies, not individuals. See Def.'s Mem. at 5. The IRS further contends that the plaintiff's failure to file any administrative appeals with the IRS demonstrates his failure to exhaust his administrative remedies. Def.'s Mot. at 2; Def.'s Mem. at 7.

## II. STANDARDS OF REVIEW

A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Where the sufficiency of a complaint is challenged under 12(b)(6), all the factual allegations must be presumed true and liberally construed in the plaintiff's favor. Porter v. CIA, __ F. Supp. 2d __, __, No. 10-cv-050 (JEB), 2011 WL 1497648, at *3 (D.C. Cir. April 21, 2011) (citing Leatherman v. Tarrant Cnty. Narcotics and Coordination Unit, 507 U.S. 163 (1993)). Despite this liberal standard, a court must not, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." Voinche v. Obama, 744 F. Supp. 2d 165 (D.C. Cir. 2010) (quoting Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Therefore, in evaluating a Rule 12(b)(6) motion, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009). This standard requires "more

than a sheer possibility that a defendant has acted unlawfully; a complaint alleging facts that are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." Voinche, 744 F. Supp. 2d at 170 (internal quotation marks and citations omitted) (quoting Iqbal, S. Ct. at 1949).

B. Pro Se Litigants

The pleadings of pro se parties are to be "liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). However, even though a pro se complaint must be construed liberally, the complaint must still "present a claim on which the Court can grant relief." Chandler v. Roche, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

### III. LEGAL ANALYSIS

A. The Defendant's Motion to Substitute Named Defendants

The first issue for the Court to address is whether an individual public official can be named as a defendant in a FOIA claim. The FOIA itself makes clear that it authorizes suits only against federal agencies, not individuals. See 5 U.S.C. § 552(a)(4)(B); Leitner v. United States, 725 F. Supp. 2d 36, 45 (D.C. Cir. 2010) ("It is well established that '[t]his Court's jurisdiction to enforce the FOIA is limited to enjoining agency noncompliance.'" (quoting Stone v. Def. Investigative Serv., 816 F. Supp. 782, 785 (D.D.C. 1993))). This Circuit has, in the past, therefore, upheld the dismissal of cases in which a plaintiff named individuals, including public officials, as defendants. See Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) (differentiating the obligations imposed by the FOIA on agencies from the individual employees within those agencies); Voinche, 744 F. Supp. 2d at 172 ("[The] plaintiff's FOIA claims against

former President Bush and President Obama must be dismissed because 'no FOIA claim may be asserted against individual federal officials.'" (quoting Whittle v. Moschella, 756 F. Supp. 589, 596 (D.D.C. 1991))).

The defendant asserts that it should be substituted as the sole named defendant in this case because this action only concerns requests from the plaintiff to the IRS, and that the other defendants should be dismissed based on the FOIA's authorization of suits only against federal agencies. See Def.'s Mem. at 5. The plaintiff's opposition to this motion arises from allegations concerning the named defendants that are seemingly relevant not to this FOIA claim, but to a separate claim filed against him in another case by the United States. See supra note 3; see generally Pl.'s Mem. at 1, 7-8.

In light of both the FOIA's statutory language and this Circuit's application of the FOIA in prior cases, it is clear for two reasons that the IRS is the only proper defendant in this case. First, the plaintiff's requests pertained only to the IRS. Second, because the other named defendants are individuals, they cannot be parties to a suit brought pursuant to the FOIA. Accordingly, the IRS shall be substituted as the named defendant in this case and all defendants other than the IRS shall be dismissed.

B. The Defendant's Motion to Dismiss

The second issue before the Court is whether the plaintiff exhausted his administrative remedies with regard to the four requests he made to the IRS. Exhaustion of administrative remedies in FOIA cases is "generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to supports its decision." Oglesby v. Dep't of Army, 920 F.2d 57, 61 (D.C. Cir. 1990); see Sinito v. Dep't of Justice, 176 F.3d 512, 516 (D.C. Cir. 1999) (explaining that the

7

FOIA requires the requester to exhaust administrative remedies); Dettmann v. Dep't of Justice, 802 F.2d 1472, 1476 (D.C. Cir. 1986) ("It goes without saying that exhaustion of remedies is required in FOIA cases."); Almy v. Dep't of Justice, No. 2:90-cv-362, 1997 WL 267884, at *3 (9th Cir. May 7, 1997) ("[T]he FOIA requires exhaustion of administrative remedies before the filing of a lawsuit."); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("The FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts."); McDonnell v. United States, 4 F.3d 1227, 1240-41 (3d Cir. 1993); Voinche v. Dep't of the Air Force, 983 F.2d 667, 669 (5th Cir. 1993) ("We conclude that the FOIA should be read to require that a party must present proof of exhaustion of administrative remedies prior to seeking judicial review.").

Although administrative exhaustion "is not jurisdictional because the FOIA does not unequivocally make it so . . . as a jurisprudential doctrine, failure to exhaust precludes judicial review if the purposes of exhaustion and the particular administrative scheme support such a bar." Hidalgo v. F.B.I., 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (internal quotation marks omitted) (citing I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton T.R.I. Indus., 727 F.2d 1204, 1208 (D.C. Cir. 1984)). Further, judicial review prior to agency exhaustion would "undercut the purposes of exhaustion, namely, preventing premature interference with agency processes, ... afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, ... [or] compil[ing] a record which is adequate for judicial review." Hidalgo, 344 F.3d at 1259 (alteration in original) (internal quotation marks omitted) (citing Ryan v. Bentsen, 12 F.3d 245, 247 (D.C. Cir. 1993)). Accordingly, if a FOIA plaintiff attempts to obtain judicial review without first properly exhausting administrative remedies, the lawsuit is subject to dismissal. Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004) (citing Oglesby, 920 F.2d at 61-

8

64, 65 n.9) (explaining that "a requester under the FOIA must file an administrative appeal within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response"). While it is settled in this Circuit that the exhaustion requirement is a condition precedent to the bringing of a FOIA action, because "exhaustion of administrative remedies in a FOIA case is not a jurisdictional bar to judicial review. . . ," Jones v. Dep't of Justice, 576 F. Supp. 2d 64, 66 (D.C. Cir. 2008) (citing Hidalgo, 344 F.3d at 1258), when a FOIA defendant disputes that a FOIA plaintiff has fulfilled the exhaustion requirements, "the matter is properly the subject of a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief may be granted."[5] Id.

### 1. The Plaintiff's Failure to Comply with Agency Regulations

"A party requesting agency records under the FOIA must comply with the procedures set forth in the regulations promulgated by that agency." Calhoun v. Dep't of Justice, 693 F. Supp. 2d 89, 91 (D.C. Cir. 2010); see 5 U.S.C. § 552(a)(3) (providing that an agency must make records promptly available upon any request "made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed"). Where a request does not comply with published regulations, the FOIA claim is subject to dismissal for failure to exhaust administrative remedies. Calhoun, 693 F. Supp. 2d at 91; see Matsey v. Dep't of Justice, No. 03-cv-889 (PLF), 2005 WL 1017867, at *7 (D.D.C. May 2, 2005) ("By failing to follow the procedures set forth [in the pertinent regulations for requesting agency records, the plaintiff] failed to exhaust his administrative remedies under the FOIA.").

---

[5] Courts in other jurisdictions have held that dismissal for failure to exhaust administrative remedies is appropriate under to Rule 12(b)(1). See McDonnell v. United States, 4 F.3d 1227, 1240 & n.9 (3d Cir. 1993) (affirming dismissal for lack of subject matter jurisdiction because plaintiff failed to exhaust administrative remedies); Trenerry v. IRS, No. 95-5150, 1996 WL 88459, at *1 (10th Cir. Mar. 1, 1996) (confirming that court lacked subject matter jurisdiction "where plaintiff has failed to exhaust her administrative remedies").

The IRS has promulgated regulations that specify procedures that must be complied with when costs associated with a FOIA search exceed the amount to which the requester consented, as well as how a requester must establish his or her identity. 26 C.F.R. 601.702(c)(5)(iii), (f)(4)(i). Here, the plaintiff failed to approve a projected fee associated with his first request as instructed by the IRS's reply letter and in accordance with the IRS's regulations. Gov't Ex. 2 (June 9, 2005). The plaintiff also failed to properly file his second request by omitting proper identification. Gov't Ex. 3 (November 24, 2008). Because the plaintiff's first and second requests did not comply with the IRS's published regulations, the plaintiff's FOIA claims based on these two requests fail the exhaustion requirement and will therefore be dismissed.

2. The Plaintiff's Failure to Pursue an Administrative Appeal

The exhaustion of administrative remedies requires the timely filing of an administrative appeal from an agency's determination as to whether it can or will produce records responsive to a FOIA request. See Hidalgo, 344 F.3d at 1259 (citing an administrative appeal as a requirement for exhaustion); Oglesby, 920 F.2d at 61-62 (stating that exhaustion of the appeal process is necessary prior to judicial review). A requester can also appeal a determination that no records responsive to the FOIA request exist, such as in the present case with respect to the plaintiff's third and fourth FOIA requests. 26 C.F.R. § 601.702(c)(10)(i); see Gov't Ex. 6 (January 26, 2009), 8 (February 5, 2009), 9 (February 11, 2009). To file an administrative appeal, the requester must submit a letter to the Commissioner of Internal Revenue postmarked within 35 days after (1) the later date of any letter of notification of the adverse determination of the requester's fee waiver or reduction request, (2) the date of any letter determining that no responsive records exist, or (3) the date of the last transmission of the last records released. 26 C.F.R. § 601.702(c)(10)(i).

Here, the defendant asserts that the plaintiff failed to exhaust his administrative remedies by not filing administrative appeals in regards to any of his requests. Def.'s Mot. at 2; Def.'s Mem. at 7. The plaintiff does not dispute his failure to file an administrative appeal. See generally Compl. Further, the defendant's national FOIA request database makes clear that no administrative appeal was filed by the plaintiff with respect to his four requests. McBrearty Decl. ¶ 17. The plaintiff's only response is that he constructively exhausted his administrative remedies due to the defendant's "failure to respond in a timely manner" to the third request. Compl. ¶ 16. Thus, the plaintiff effectively concedes, and this Court now finds, that the plaintiff failed to exhaust his administrative remedies with respect to the fourth request. Accordingly, the Court will dismiss the plaintiff's claims stemming from his fourth request.[6]

### 3. The Plaintiff's Constructive Exhaustion Arguments

The FOIA permits requesting parties to treat an agency's failure to comply with its own specific time limits as constructive exhaustion of the requesters' administrative remedies. 5 U.S.C. § 552(a)(6)(C) (2006); Judicial Watch Inc. v. Rossotti, 326 F.3d 1309, 1310 (D.C. Cir. 2003); see Nurse v. Sec'y of the Air Force, 231 F. Supp. 2d 323, 328 (D.D.C. 2002) ("The FOIA is considered a unique statute because it recognizes a constructive exhaustion doctrine for purposes of judicial review upon the expiration of certain relevant FOIA deadlines."). Therefore, if an agency fails to notify a requester as to whether it will comply with the request within the twenty-day statutory time limit (excluding Saturdays, Sundays, and legal public holidays), the requester can seek judicial review even though he or she has not filed an administrative appeal. Judicial Watch, 326 F.3d at 1310; see Oglesby, 920 F.2d at 62 ("If the agency has not responded within the statutory time limits, then, under 5 U.S.C. § 552(a)(6)(C), the requester may bring

---

[6] In accord with this analysis, the plaintiff's first and second FOIA requests would similarly be subject to dismissal for the plaintiff's failure to pursue his administrative remedies if dismissal on other grounds had not already been ordered.

11

suit."); Gabel v. IRS, No. 97-1653 (MMC), 1998 U.S. Dist. LEXIS 12467, at *10 (N.D. Cal. June 25, 1998) (ruling that a plaintiff who did not receive a timely response "was entitled to file his complaint without further pursuing an administrative appeal or seeking further explanation").

This right to judicial review based on constructive exhaustion ends, however, if an agency responds at any time before the requester files suit. See Judicial Watch, 326 F.3d at 1310 (concluding that the agency can cure its constructive waiver of the exhaustion requirement by providing the required notice to the requester, even if tardy, before the requester files suit); Smith v. FBI, 448 F. Supp. 2d 216, 220 (D.D.C. 2006) (citing Ogelsby, 920 F.2d at 62); Pollack v. Dep't of Justice, No. 89-2569, 1993 WL 293692, at *4 (D. Md. July 23, 1993) ("Under [the] FOIA's statutory scheme, when an agency fails to comply in a timely fashion with a proper FOIA request, it may not insist on the exhaustion of administrative remedies unless the agency responds to the request before suit is filed.").

The plaintiff maintains that his administrative remedies with respect to his third FOIA request were exhausted when the IRS failed to respond within the twenty-day statutory time limit and that he therefore was not required to file an administrative appeal prior to seeking judicial review.[7] Compl. ¶ 16. The defendant asserts correctly, however, that although the IRS Disclosure Office responded after the statutory deadline, because the plaintiff did not file an administrative appeal after the IRS did respond on January 26, 2009, the plaintiff did not exhaust his administrative remedies. Def.'s Mem. at 9. More precisely, because the plaintiff did not file a lawsuit after the expiration of the twenty day statutory time period but before the IRS's response, the constructive exhaustion was cured and an administrative appeal had to be filed to satisfy the exhaustion requirement. See Judicial Watch, 326 F.3d at 1310. Thus, although the

---

[7] As explained above, the defendant responded to all of the plaintiff's requests within the statutory time limit except for his third request.

defendant failed to respond within the twenty-day statutory time limit, because the plaintiff did not file a lawsuit before the defendant's untimely response to his third request on January 26, 2009, the plaintiff cannot now claim constructive exhaustion. Accordingly, the plaintiff's claims arising from his third request must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that the IRS is the only proper defendant in this case, that all other named defendants shall be dismissed, and that the plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the Court will grant the defendant's motion to dismiss the plaintiff's complaint under Rule 12(b)(6).

**SO ORDERED** this 13th day of July, 2011.[8]

REGGIE B. WALTON
United States District Judge

---

[8] An order will be issued consistent with this memorandum opinion.